### STATE ex THOMAS v CIVIL SERVICE COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2549. Decided March 29, 1935

152

D. B. Ulrey, Columbus, Paul M. Herbert, Columbus, and Don R. Thomas, for plaintiff.

John W. Bricker, Attorney General, Columbus, Isadore Topper, Asst. Attorney General, Columbus, and Herbert W. Mitchell, Asst. Attorney General, St. Clairsville, for defendant.

## OPINION

By THE COURT

This matter was submitted to the court upon motion of plaintiff for an alternative writ ordering the defendant, The Civil Service Commission of the State of Ohio, not to hear and determine certain charges preferred by Margaret M. Allman, the Director of Public Welfare of the State of Ohio, against the plaintiff. The charges are 17 in number, and upon the petition, oral presentation of counsel and upon excellent briefs submitted, we are required to determine whether or not the defendant Commission has jurisdiction to hear and determine all or any one or more of the charges preferred.

Of course in the confines of this opinion, which is upon the application for a temporary writ, we could not discuss the substantive law at any considerable length. It is the theory of the plaintiff that many of the charges have heretofore been the subject of investigation and determination by one or more officers or committees charged by law with the investigation and determination of such charges. We have not been troubled by the investigation of charges by any official or committee other than the Director of Public Welfare, because the plaintiff was not subject to removal by their action. It is averred that certain of the charges were the subject of specific complaint addressed to the Honorable John McSweeney during his incumbency as Director of Public Welfare of the State of Ohio; that he carefully and at length investigated the charges, heard witnesses, took testimony and made determination that the plaintiff was improperly charged. It is the theory of the plaintiff that the determination by the former Director of Public Welfare of the charges against plaintiff which he investigated is in the status of res judicata; that in this investigation the subject matter was identical with some of the charges now preferred by the present Welfare Director. The parties are the same, namely, the plaintiff, and the successor of the Director of Public Welfare. Therefore, there being identity of parties and subject matter, it is claimed the defendant, the Commission, should be estopped to reopen, reconsider and redetermine that which has heretofore been determined.

It is also urged that the Director of Public Welfare and the Civil Service Board are charged by law with making determination of the conduct of the officers under their appointment and control, and with making regular reports thereon and that these reports, being favorable to the plaintiff constituted a ratification of his conduct of the office by the Director of Public Welfare, which is binding upon his successor, the present Director. Upon the question of the analogy between res judicata and the determination of the former Director of Public Welfare, it should be said that no officer or body authorized by statute to make determination equivalent to a judgment has acted. There has been no adjudication. As we interpret the statutes, adjudications of specific charges preferred against an employee or appointee in the classified service are those made by the removing officer upon discharge and thereafter by the Civil Service Commission upon appeal. Administrative or executive officers may properly make investigation upon their own motion to determine whether or not the facts available are sufficient to warrant the discharge of an appointee or employee and the preference of charges against him, but such investigations do not in our judgment estop the Commission when its jurisdiction is invoked on appeal. Any charge which the testimony discloses had been thoroughly investigated by the Director of Public Welfare and had been found to be insufficient to warrant the dismissal of plaintiff would not in all probability be given great weight by a fact finding board, but it is not our province to determine, that because such testimony may not have much weight, that it has no place in the investigation of the charges preferred against a removed appointee. A situation which would be analogous would

arise if, after the former Director of Public Welfare had made an investigation in good faith and had determined that there was insufficient evidence to support the removal of an employee in the classified Civil Service, thereafter new evidence or further testimony was available, could it be said that the Director would be estopped from further consideration of the charges. We do not believe that estoppel would operate. If the former Director would not be barred, then his successor likewise would not be barred.

We recognize the compelling and persuasive force of the claim that an appointee or employee should not be required to be subjected to reconsideration of charges involving integrity and morality which have heretofore been investigated and determined to have no proper basis in fact. However unless we can affirmatively say that the Civil Service Commission, on these charges which for the first time are presented to this Commission, is without any jurisdiction to hear and determine such charges, then we can not within the law grant the extraordinary writ of prohibition.

It is a recognized principle of law that when a body, tribunal or court, has general jurisdiction of the subject matter, it likewise has power to determine the extent to which it will exercise that jurisdiction. It is well within the province of the Civil Service Commission to limit its consideration of the charges to those which it believes would be of value upon the basic questions presented to it for determination. It may be that the Commission upon the consideration of the whole subject matter, in eventually determining the scope of its inquiry, will hold that it should not consider those charges which have heretofore been investigated, not because it would have no jurisdiction to entertain them, but because of the action which had been taken upon them, it would be of little weight in determining whether or not the dismissal of the plaintiff should be supported.

We are not unmindful of that which has come to our attention on the oral hearings and by other means respecting the propriety of the charges, the period of service which they cover, the manner and method of removal of the Warden and many other circumstances which are charged as unfair and oppressive. The scope of our determination is purely within the narrow compass of the right of the plaintiff to an alternative writ of prohibition, and revolves about the one question of the jurisdiction of the Civil Service Commission of the state of Ohio.

We have not been referred to any case in Ohio or elsewhere which parallels the instant proceeding in the scope of the charges, nor have we upon original investigation found any.

Our attention has also been directed to the fact that upon the charges now pending there is no review of the action of the Civil Service Commission as is ordinarily accorded the unsuccessful party in civil procedure. We grant that much can be said to support the contention that the procedure is drastic and may result in unjustified dismissal, inasmuch as the Board must unanimously overrule the Director and the action of the Board can only be set aside for an abuse of discretion.

This question, however, is one that must be addressed to the Legislature, which no doubt has acted within its province in defining the procedure incident to an appeal from the dismissal of an appointee or employee in a classified service of the state.

The Civil Service Commission is a body of wide experience, and we must assume will accord to the plaintiff a full, fair and complete hearing upon his appeal and it is well within its province at the termination of the hearing upon the charges to make separate findings of fact and to apprise the plaintiff of the specific charges upon which, if they should find against him, they have so acted.

The application for an alternative writ of prohibition will be denied.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.